**AACHEN & MUNICH FIRE INS. CO. v. SUTHERLAND, Alien Property Custodian, et al.**

(Court of Appeals of District of Columbia.
Submitted April 9, 1926. Decided
May 3, 1926.)

No. 4409.

War ⬤≈12—Former enemy alien insurance company held entitled under statute to $10,000 of money in hands of Alien Property Custodian, irrespective of claims against it; more than enough to satisfy claims being left (Trading with the Enemy Act, § 9, subsec. [b] as amended by Act March 4, 1923, § 1 [Comp. St. Supp. 1925, § 3115½e]).

Under Trading with the Enemy Act, § 9, subsec. (b), as amended by Act March 4, 1923, § 1 (Comp. St. Supp. 1925, § 3115½e) providing that former enemy corporations not otherwise entitled to return of money or property in hands of Alien Property Custodian may have it returned to extent of $10,000, but providing that no such return shall be made to any insurance concern until claims against it filed within 60 days after effective date of act are satisfied, where money of former enemy insurance company in hands of Alien Property Custodian exceeded by more than $10,000 the aggregate of all claims against it, settlement of such claims was not condition precedent to its right to return of $10,000.

Appeal from Supreme Court of District of Columbia.

Suit by the Aachen & Munich Fire Insurance Company against Howard Sutherland, Alien Property Custodian, and another. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

M. C. Elliott, of Washington, D. C., and Hartwell Cabell, of New York City, for appellant.

D. H. Stanley, of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a decree in the Supreme Court of the District of Columbia, dismissing the bill of appellant, plaintiff below, based upon the Trading with the Enemy Act, as amended by Act March 4, 1923, 42 Stat. 1511, § 1 (Comp. St. Supp. 1925, § 3115½e). The material provisions of subsection (b) of section 9 of the amended act are as follows:

"(b) In respect of all money or other property conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or seized by him hereunder and held by him or by the Treasurer of the United States, if the President shall determine that the owner thereof at the time such money or other property was required to be so conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian or at the time when it was voluntarily delivered to him or was seized by him was—

\* \* \* \* \* \* \*

"(10) A partnership, association, other unincorporated body of individuals, or corporation, and that it is not otherwise entitled to the return of its money or other property, or any part thereof, under this section, and that such money or other property, or the proceeds thereof, if the same has been converted, does not exceed in value the sum of $10,000, or although exceeding in value the sum of $10,000, is nevertheless susceptible of division, and the part thereof to be returned hereunder does not exceed in value the sum of $10,000: Provided, that no insurance partnership, association or corporation, against which any claim or claims may be filed by any citizen of the United States with the Alien Property Custodian within sixty days after the time this paragraph takes effect, whether such claim appears to be barred by the statute of limitations or not, shall be entitled to avail itself of the provisions of this paragraph until such claim or claims are satisfied; or \* \* \* \*"

The averments of the bill are substantially as follows: Plaintiff is a German fire insurance corporation, and in 1895 established a branch in the United States, continuing to do business here until its assets were taken over by the Alien Property Custodian on November 18, 1918. The liquidation of the corporation by the Custodian brought into his hands a large sum of money, which he still holds; 186 claims have been filed with the Custodian under the provisions of paragraph (10) already set out. These claims are made by policy holders of the plaintiff, and based upon losses incurred in 1906 through the San Francisco earthquake and fire. Plaintiff was available for service of process from that time until 1917, having maintained a branch office in San Francisco, and branch offices and agencies throughout the United States. Each policy involved contains a provision that no suit shall be sustainable either at law or in equity "unless commenced 12 months next after the fire."

The prayers of the bill are that the Custodian be required to furnish the court with the addresses of these claimants, that such claimants be required to appear and have

their claims adjudicated, and for general relief. At the time the bill was filed about two years had elapsed since the passage of the act and it was conceded by counsel for the government that payment of all the claims would leave in the hands of the Custodian a sum much in excess of $10,000.

Under the view we take of the case, we find it unnecessary to pass upon the question whether the court below was authorized to grant the specific relief prayed. Paragraph (10) provides that a corporation not otherwise entitled to the return of its money or other property, or any part thereof, may have returned to it all of such money, or other property, the aggregate value of which does not exceed $10,000, and if the value exceeds $10,000, and is susceptible of division, then the sum of $10,000 may be returned. This is followed by the provision here involved, to the effect that, if claims are filed within 60 days, they must be satisfied before the insurance company claimant shall be entitled to avail itself of the provisions of this paragraph. Giving this provision an interpretation in harmony with the evident intent of Congress, we think it clear that there is evinced a purpose to return to the insurance company claimant the sum of $10,000, provided such return will not prejudice the rights of citizens of the United States who have filed claims against the fund.

As it is conceded here that the return of $10,000 to the insurance company will leave in the hands of the Custodian a sum much in excess of the face value of all the claims filed with him, there is no apparent reason why such return should be refused. The insurance company is not responsible in any way for the failure of its policy holders to press their claims. We may not assume, of course, that Congress intended to require the payment by the insurance company of claims aggregating many times $10,000 as a condition precedent to the return to it of $10,000 by the Custodian. The evident intent was that American policy holders in such foreign insurance companies should be permitted to assert their valid claims against the funds of those companies in the hands of the Custodian. Neither those policy holders nor the Custodian, in our view, can be prejudiced by the return of $10,000 to the appellant insurance company.

The decree is reversed, with costs, and the cause remanded for further proceedings.

Reversed and remanded.